VINCENT LOUIS ROMANO v. JOAN MARIE ROMANO.

(Filed 2 March, 1966.)

**1. Divorce and Alimony § 22—**

The rule that a custodial order affecting the person of an infant cannot be entered unless the infant is before the court applies in those instances in which the absence of the infant precludes the court from enforcing its

decree, and is subject to exception when both parties contending for custody are before the court and subject to its jurisdiction, and the decree of the court is enforceable through coercive action against the parties.

**2. Same—**

Plaintiff, a resident, sued in this State for divorce from his nonresident wife. The wife answered and demanded alimony, counsel fees and custody of the child of the marriage. *Held:* The court had jurisdiction to enter *pendente* allowances for her support and fees for her attorneys, and to order plaintiff to pay into court a specified sum per month for the support of the child, even though the child had never been within this jurisdiction.

**3. Divorce and Alimony § 18—**

An interlocutory order for support of the wife and children of the marriage *pendente lite* will be affirmed when supported by findings of fact made by the court upon competent supporting evidence.

APPEAL by plaintiff from *Copeland, S.J.,* August, 1965 Assigned Non-jury Civil Session, WAKE Superior Court.

The plaintiff instituted this action for absolute divorce. He alleged his residence is Wake County, North Carolina, and the defendant's residence is Philadelphia, Pennsylvania. The parties were married on April 27, 1957. They separated on December 10, 1963, and thereafter have lived separate and apart. One child of the marriage, Patrick Gerard Romano, was born May 15, 1964. The plaintiff alleged the child had been with its mother in Philadelphia since birth.

By answer, the defendant admitted the residence of the parties, their marriage, the birth and her custody of the child. The other allegations of the complaint were denied and by way of further defenses the defendant alleged, in great detail, her efforts, both by work in and outside the home, to make the marriage a success. She alleged in no less detail the persistent efforts of the plaintiff to disrupt and destroy the home life of the parties, and especially to mistreatment and to successful efforts to obtain and engage in employment which required his absence from home from Monday morning until Saturday night. She demanded alimony, counsel fees, and custody of the child.

By reply, the plaintiff denied in part and pleaded condonation in part, to the specifications in the further defenses. He especially challenged the authority of the court to award the defendant either the custody of the child or an allowance for its support, upon the ground the child had never been in the State of North Carolina and was not subject to the court's order.

Judge Copeland made findings of fact that the plaintiff had abandoned the defendant, had failed to support her, and was able

to do so; that he is liable for the support of the child, though the child is now in Philadelphia and has never been in North Carolina. The court awarded the defendant *pendente* allowances for her support and for her attorneys, and ordered that the plaintiff pay into the Superior Court of Wake County $100.00 per month to be paid to the defendant for the support of the child. The plaintiff excepted and appealed.

*Yarborough, Blanchard, Tucker and Yarborough, for plaintiff appellant.*

*Tharrington & Smith by J. Harold Tharrington for defendant appellee.*

HIGGINS, J. Both parties to this action were before the court for all purposes involved in the divorce proceeding. The plaintiff, a resident of this State, instituted the action against the defendant, a resident of Pennsylvania. The defendant appeared before the court in person by attorney and by filing an answer and cross action for alimony, counsel fees, and the custody of the child. The defendant admitted she had the custody of the infant in Pennsylvania; and that he had never been in the State of North Carolina.

By this appeal the plaintiff challenges the order of the Superior Court only insofar as it awards custody of the child to the defendant and orders that the plaintiff pay into court an allowance to the mother for the child's support. The sole ground of the challenge is the absence of the child from the jurisdiction of the court. The plaintiff argues here that custody is an *in rem* proceeding over which the Superior Court cannot exercise jurisdiction in the absence of the child, citing as authority *Cushing v. Cushing,* 263 N.C. 181, 139 S.E. 2d 217; *Kovacs v. Brewer,* 245 N.C. 630, 97 S.E. 2d 96; *Richter v. Harmon,* 243 N.C. 373, 90 S.E. 2d 744; *Gafford v. Phelps,* 235 N.C. 218, 69 S.E. 2d 313.

Many cases in our reports state the general rule that in a custody proceeding the child should be before the court before any custodial order can be entered "affecting the person of the infant." This rule is based on the reasoning that the court otherwise could not enforce its decree. The reason for the rule has engendered this exception to it: "If both parties are in court and subject to its jurisdiction, an order may be entered, in proper instances, binding the parties and enforceable through its coercive jurisdiction." *Weddington v. Weddington,* 243 N.C. 702, 92 S.E. 2d 71; *Coble v. Coble,* 229 N.C. 81, 47 S.E. 2d 798.

In this case the father alleged the infant was in the custody of the mother in Pennsylvania. He does not ask the court to disturb that custody. Both parties being before the court and subject to its *in personam* judgments, Judge Copeland's order that the plaintiff pay an allowance to the wife for the support of the infant may be enforced against the offending party, notwithstanding the fact "the person of the infant" is not bound because of his absence from the jurisdiction. Though the infant is not bound, the parties to the action are bound. Insofar as the decree affects the "person of the infant" to his prejudice, only someone authorized to speak or act for him may complain. The effect of the decree beyond the jurisdiction of this Court, therefore, is without significance. *Cushing v. Cushing,* supra.

When the parties are before the court in a divorce proceeding " 'in which a complaint has been filed, . . . authority to provide for the custody of children of the marriage vests in the court in which the divorce proceeding is pending. (Cases cited.) Jurisdiction rests in this court so long as the action is pending and it is pending for this purpose until the death of one of the parties,' or the youngest child born of the marriage reaches the age of maturity, whichever event shall first occur." *Weddington v. Weddington, supra.*

The rationale of the rule seems to be that when both parties to a marriage are before the court in a divorce proceeding, the court may adjudicate their respective rights, duties, and obligations involved in the custody of their children, even though the children are not actually before the court. The court enforces its decrees by dealing with the offending parent since, because of its absence, the court cannot deal "with the person of the infant." Judge Copeland has ordered the father to pay into court money to feed the baby. Its needs and the father's liability to supply them are essentially the same whether the little tot is in his grandmother's lap in Philadelphia or in his mother's lap in Raleigh.

The order entered by Judge Copeland is interlocutory and may be enforced by the court's coercive power while the cause is pending before the court. The court recognizes the parties have alleged the mother has the custody. The court, by its order, recognizes that custody and provides an allowance to the custodian. *Sadler v. Sadler,* 234 N.C. 49, 65 S.E. 2d 345. The interlocutory order entered in this cause is supported by the findings of fact made by the court and the order pursuant thereto is

Affirmed.

MOORE, J., not sitting.