ROBERT E. JOHNSON v. ELIZABETH J. JOHNSON

No. 7226DC185

(Filed 24 May 1972)

1. Divorce and Alimony § 22— divorce action — motion in the cause — custody and support — nonresident children — jurisdiction

    A court in which a divorce action was tried has jurisdiction to determine a motion in the cause for custody and support of children of the marriage who now reside in another state and who were not present in this State when the motion was filed or at the time it was heard.

2. Divorce and Alimony § 22— divorce action — child custody and support not determined — motion in the cause — jurisdiction

    A court in which a divorce action was tried has jurisdiction to determine custody and support of children of the marriage even though no custody or support questions were raised prior to, or determined in, the final judgment of divorce. G.S. 50-13.5.

APPEAL by defendant from *Griffin, District Judge,* 16 August 1971 Civil Nonjury Session of District Court held in MECKLENBURG County.

Plaintiff instituted this action for divorce on 4 September 1970. Defendant was served with complaint and summons but

---

**Johnson v. Johnson**

---

did not file answer or other responsive pleading, and judgment granting an absolute divorce was entered on 23 November 1970. The complaint sets forth the names and ages of the two minor children born of the marriage, as required by G.S. 50-8, but no request is made therein for custody or other order with respect to the children. The children are not mentioned in the divorce judgment.

On 17 September 1971 defendant filed a motion in the cause asking for custody and support of the two minor children. Plaintiff moved to dismiss the motion on two grounds: (1) the children are now domiciled in the State of South Carolina and the court therefore has no subject matter jurisdiction; and (2) the court acquired no jurisdiction over the children in the divorce proceeding since no custody order, or other order respecting the children, was entered therein.

The court allowed plaintiff's motion on both grounds asserted and defendant appeals.

No brief filed by plaintiff appellee.

*Hamel & Cannon by Thomas R. Cannon for defendant appellant.*

GRAHAM, Judge.

[1] The parties stipulated that the children now reside with defendant in South Carolina and that they were not present in this State when the motion was filed or at the time it was heard.

It was often stated, in custody cases decided before 1 October 1967, that the child should be before the court before an order could be entered "affecting the person of the infant." *Romano v. Romano,* 266 N.C. 551, 146 S.E. 2d 821. The theory was that custody proceedings were *in rem* proceedings. *Cushing v. Cushing,* 263 N.C. 181, 139 S.E. 2d 217. However, it was also recognized that if both parties seeking custody were before the court, an order could be entered binding the parties and enforceable through the court's coercive jurisdiction. *Romano v. Romano, supra; Speck v. Speck,* 5 N.C. App. 296, 168 S.E. 2d 672.

Through legislation effective 1 October 1967, the General Assembly sought to bring together into one act all of the statutes relating to child custody and support. G.S. 50-13.1, *et seq.*

G.S. 50-13.5 (c) sets forth the specific requirements for jurisdiction in such cases. Pertinent provisions of that statute are:

> "(1) The jurisdiction of the courts of this State to enter orders providing for the support of a minor child shall be as in actions or proceedings for the payment of money or the transfer of property.
>
> (2) The courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child when:
>
> a. The minor child resides, has his domicile, or is physically present in this State, or
>
> b. When the court has personal jurisdiction of the person, agency, organization, or institution having actual care, control, and custody of the minor child.
>
> (3) The respective rights of persons, agencies, organizations, or institutions claiming the right to custody of a minor child may be adjudicated even though the minor child is not actually before the court."

Under subsection (1) quoted above the court had jurisdiction to determine the matter of support, this type of action being *in personam* in nature. Under subsection (2) (b) and (3) the court likewise had jurisdiction to enter an order granting custody to either of the children's parents, both of whom are subject to the court's jurisdiction. Plenary authority exists to enforce any order entered with respect to custody or support. G.S. 50-13.3; G.S. 50-13.4. We conclude, therefore, that the trial court erred in holding that it was without jurisdiction to proceed for the reason that the children were not within this State.

[2] A second question arises on this appeal. Does a court in which a divorce action is tried retain jurisdiction of custody and support of children of the marriage where no custody or support questions are raised prior to, or determined in, the final judgment of divorce?

Before 1 October 1967, the court in which a divorce action was brought retained exclusive jurisdiction of child custody and support matters. Thus, where a divorce action was pending, actions for custody or support of minor children were required to be determined in that action, even after final judgment had

been entered therein. *In re Custody of Sauls,* 270 N.C. 180, 154 S.E. 2d 327. An exception to this rule was that a court in which an action for alimony without divorce (G.S. 50-16) was pending did not lose its custody jurisdiction to the court of another county in which an action for divorce had been subsequently filed. *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857.

Procedure in actions for custody or support of minor children is now governed by G.S. 50-13.5, effective 1 October 1967.

This statute provides, in pertinent part:

"(b) Type of Action.—An action brought under the provisions of this section may be maintained as follows:

(1) As a civil action.

(2) By writ of habeas corpus. . . .

\*          \*          \*

(5) By motion in the cause in an action for annulment, or an action for divorce, either absolute or from bed and board, or an action for alimony without divorce."

The venue section of the custody and support statute, G.S. 50-13.5(f), provides in part:

"(f) Venue.—An action or proceeding in the courts of this State for custody and support of a minor child may be maintained in the county where the child resides or is physically present or in a county where a parent resides, except as hereinafter provided. If an action for annulment, for divorce, either absolute or from bed and board, or for alimony without divorce has been previously instituted in this State, until there has been a final judgment in such case, any action or proceeding for custody and support of the minor children of the marriage shall be joined with such action or be by motion in the cause in such action."

We have held that the provisions quoted above, when considered together, now permit questions of custody and support to be determined in independent actions, rather than *only* through a motion in the cause, where a divorce judgment has been entered without a determination of custody and support in that judgment. *Wilson v. Wilson,* 11 N.C. App. 397, 181 S.E. 2d 190; *In re Holt,* 1 N.C. App. 108, 160 S.E. 2d 90.

---

Johnson v. Johnson

---

It does not follow, however, that an independent action is now the *exclusive* procedure to be followed under these circumstances. It has long been the rule in this State that a divorce action is pending for purposes of determining custody and support until the death of one of the parties or the youngest child born of the marriage reaches the age of maturity, whichever event shall first occur. *Weddington v. Weddington,* 243 N.C. 702, 92 S.E. 2d 71.

We see nothing in the provisions of G.S. 50-13.5, *et seq.,* which would alter the above rule and divest a court of jurisdiction to determine custody or support in an action where a divorce judgment was entered without these matters having been determined. In 3 Lee, N. C. Family Law, § 222, p. 10 (Supp. 1972), speaking of the methods now available for determining custody and support, Professor Lee states:

> "(2) If a final judgment has been rendered in an action for annulment, divorce, or alimony without divorce, wherein there has not been a determination of the custody and support of the minor child, those questions may be determined subsequently in a civil action or in a habeas corpus proceeding instituted for this purpose, *or by a motion in the cause in the earlier action."* (Emphasis added.)

Granting an alternative method for determining custody and support where a final judgment of divorce has been entered was undoubtedly intended to eliminate the often times inconvenient requirement that a parent living in another county go back to the county where a divorce was obtained in order to have custody and support of minor children initially determined. It does not preclude a parent from doing so, however, if the parent so desires. See 3 Lee, N. C. Family Law, § 222, p. 9 (Supp. 1972).

We hold that the court had proper jurisdiction to entertain defendant's motion and the order of the court must therefore be reversed.

Reversed.

Judges CAMPBELL and BRITT concur.