FRANKLIN A. STURDIVANT v. BETTY LOU V. STURDIVANT

No. 7623DC500

(Filed 3 November 1976)

**1. Appeal and Error § 24— question not presented by appeal**

Plaintiff's appeal did not present the question of the sufficiency of the evidence to support an award of child custody to defendant where plaintiff did not appeal from the order originally awarding custody to defendant and the only new relief provided by the order from which plaintiff appealed was a grant to plaintiff of temporary custody of the child for three weeks after which the child would be returned to defendant. App. R. 10.

**2. Appeal and Error § 42— correspondence not made part of proceedings — no consideration on appeal**

In an appeal from an order entered in a child custody action, the appellate court will not consider correspondence between defendant's attorney and the physician and administrator of the hospital providing treatment for the child where the correspondence was not made a part of the court proceedings in the action.

**3. Appeal and Error § 16; Divorce and Alimony § 22— violation of child support order — contempt jurisdiction**

While an appeal from a child custody order removes the cause from the trial court to the appellate court, and pending the appeal the trial court is without jurisdiction to punish for contempt for a violation of the order, one who wilfully violates the order does so at his peril since, if the order is upheld by the appellate court, the violation may be inquired into when the cause is remanded to the trial court.

APPEAL by plaintiff from *Davis, Judge.* Judgment entered 30 March 1976 in District Court, ALLEGHANY County. Heard in the Court of Appeals 20 October 1976.

Plaintiff instituted this action against defendant, his wife, on 19 February 1974 asking that he be awarded custody of the five children born to the parties, the youngest child being a two-year-old girl. Defendant filed answer alleging cruel and barbarous treatment of her by plaintiff, resulting in her having to leave the home. She asked for a divorce from bed and board, for custody of the children and for support of herself and the children.

On 19 July 1974 judgment was entered granting each of the parties a divorce from bed and board and, by consent, awarding plaintiff custody of the children with certain specified visitation privileges provided for defendant.

In February 1975 defendant filed an affidavit stating that plaintiff had consistently refused to allow her to exercise her visitation privileges. Plaintiff was ordered to show cause why he should not be held in contempt and, pending the hearing, plaintiff was ordered to allow the children to visit with defendant on four specific dates at the office of the Department of Social Services.

Following these visits a hearing was held at which the social worker testified that the four older children were very hostile toward defendant and attempted to prevent the youngest child from going to defendant although she tried to do so several times and, when left alone with defendant, ran into defendant's arms.

In an order dated 25 April 1975 the court concluded that it would be in the best interest of the youngest child to be permitted to visit with defendant in order to reestablish the parent-child relationship, and that defendant was a fit person to be accorded temporary custody. The court ordered plaintiff to turn the youngest child over to defendant for a month, at the end of which time defendant was to appear with the child before the court in chambers. Plaintiff gave notice of appeal, the temporary custody order was not carried out and plaintiff subsequently withdrew his appeal.

Defendant then moved again for custody of, or visitation privileges with, the youngest child. Following a hearing at which was presented evidence of defendant's employment, living situation and provisions for the care of the child, the court found it to be in the best interest of the child to be permitted to visit with her mother in order to establish a parent-child relationship. The court again granted temporary custody to defendant for a month and the order was carried out.

Thereafter another order was entered allowing defendant to retain custody of the child, subject to visitation by plaintiff, pending an examination of the home conditions of defendant by the Department of Social Services. Plaintiff maintained his home in or near Sparta while defendant maintained her home and was working in Winston-Salem.

In February 1976 the Department of Social Services filed a very favorable report concerning defendant's homelife and relationship with the child. Based primarily on the information in this report, the court entered an order dated 24 February

Sturdivant v. Sturdivant

1976 finding and concluding that it was in the child's best interest to remain under the care, custody and control of defendant, subject to certain visitation privileges granted plaintiff. Three weeks later plaintiff filed a motion for a new hearing alleging that the social services report contained false information.

A hearing was scheduled for 30 March 1976 but on 26 March 1976 plaintiff moved for a continuance on the ground that the child was ill and scheduled for surgery on 19 April 1976. Plaintiff requested custody of the child during her hospitalization and convalescence on the ground that it would be hazardous to remove her from plaintiff's town, where she was then visiting with plaintiff and near where the operation was to be performed, to defendant's home in Winston-Salem.

The hearing was held on 30 March 1976 and plaintiff presented a doctor who was treating the child and recommended surgery; he testified that the surgery was not of an emergency nature but should be performed at some time; that in his opinion it would benefit the child to convalesce with her older sister in plaintiff's home but that the child could be safely moved by car if so ordered. Defendant presented the social services case worker who testified substantially as set forth in his report.

The court entered an order dated 15 April 1976 finding that plaintiff had obtained possession of the child from defendant by failing to return her to defendant after exercising his visitation privilege, that defendant's suitability to have custody of the child had been determined at the previous hearing at which time the court awarded defendant continued custody of the child subject to plaintiff's visitation rights, that plaintiff alleged the child's illness for the first time in his motion for continuance, that the proposed surgery was not of an emergency nature and the child could be moved by car if necessary, and that the child should be returned to defendant immediately until after the scheduled surgery at which time the child would remain with plaintiff for approximately three weeks. The court ordered "that the order announced in open court on February 24, 1976, and filed March 30, 1976, shall remain in full force and effect" subject to the recuperation modification.

Plaintiff appeals from the 15 April 1976 order.

Sturdivant v. Sturdivant

*Arnold L. Young and Hayes, Hayes and Shepard, by Paul C. Shepard, for plaintiff appellant.*

*W. Warren Sparrow for defendant appellee.*

BRITT, Judge.

In the first assignment of error argued in his brief, plaintiff contends the trial court erred in its finding of fact to the effect that defendant disputed the seriousness of the child's condition, for the reason that said finding was not supported by competent evidence. While this assignment might have merit from a technical standpoint, we are unable to perceive how plaintiff was prejudiced by the challenged finding since it had no bearing upon the relief granted.

[1] In the second assignment of error argued in his brief plaintiff contends the court erred in entering the 15 April 1976 order for the reason that there were insufficient findings of fact supported by competent evidence to justify an award of custody of the child to defendant. We find no merit in this assignment.

The record discloses that defendant was awarded custody of the child by the order dated 24 February 1976 (filed 30 March 1976), that no exception was noted to any finding of fact or conclusion of law in said order, and that no exception was made to, or appeal taken from, the entry of said order. The only new relief granted by the 15 April 1976 order, the one from which plaintiff appealed, was the modification of the 30 March 1976 order to provide that plaintiff would have the care and custody of the child from 9 April 1976 until 1 May 1976, after which he would return the child to defendant. We hold that plaintiff has not properly presented the question which he attempts to raise by the second assignment argued in his brief, therefore, it is overruled. Rule 10, N. C. Rules of Appellate Procedure, 287 N.C. 698 (1975).

[2] In the third assignment of error argued in his brief plaintiff seeks to raise questions regarding certain purported correspondence between defendant's attorney and the physician and administrator of the hospital providing treatment and care for the child. Clearly said correspondence was not made a part of any of the court proceedings in this cause, therefore, we decline to afford it any consideration.

A review of this cause leaves the impression that while defendant has sought the processes of the court to provide her with relief, plaintiff has attempted to frustrate rulings of the court that were not pleasing to him. It appears that Judge Davis has heard all phases of the case from its inception and has acted with patience and understanding to all persons concerned. It further appears that in two instances plaintiff has frustrated orders of the trial court by giving notice of appeal to this court, the first of which was not perfected.

[3]  We consider it appropriate to point out that while an appeal from an order providing for the custody of a minor child removes the cause from the trial court to the appellate court, and pending the appeal the trial court is without jurisdiction to punish for contempt, taking an appeal does not authorize a violation of the custody order. "One who wilfully violates an order does so at his peril." If the order is upheld by the appellate court, the violation may be inquired into when the cause is remanded to the trial court. *Beall v. Beall,* 290 N.C. 669, 228 S.E. 2d 407 (1976) ; *Joyner v. Joyner,* 256 N.C. 588, 124 S.E. 2d 724 (1962) ; *Collins v. Collins,* 18 N.C. App. 45, 196 S.E. 2d 282 (1973).

The order appealed from is affirmed and this cause is remanded to the district court for further proceedings not inconsistent with this opinion.

Affirmed.

Judges VAUGHN and MARTIN concur.