BARBARA LYNN NICKERSON MORRIS v. JESSE JOHN MORRIS

No. 781DC1053

(Filed 3 July 1979)

**Divorce and Alimony § 23.3— violation of custody order—jurisdiction over non-resident**

> Jurisdiction over contempt proceedings related to a child custody order remains in the court which had jurisdiction over the custody proceeding, so that the N. C. court had jurisdiction over plaintiff, an Alabama resident, who allegedly refused to allow defendant his visitation rights with the parties' children pursuant to an earlier custody order of the N. C. court.

APPEAL by plaintiff from *Chaffin, Judge.* Judgment entered 30 August 1978 in District Court, PASQUOTANK County. Heard in the Court of Appeals 26 June 1979.

Plaintiff wife, a resident of Alabama, filed in 1974 in the North Carolina courts a complaint seeking from defendant, a North Carolina resident, alimony without divorce and custody of the couple's three minor children. These were given to the plaintiff by a consent judgment on 15 April 1975. On 30 April 1976, the parties were divorced in a separate action, on the ground of one year's separation.

On 6 June 1978, defendant filed a motion in the cause, alleging that plaintiff had violated the consent judgment by refusing to allow defendant his visitation rights with the children. Judge Chaffin ordered plaintiff to show cause why she should not be attached for contempt or punished as for contempt, and this order was served upon plaintiff in Alabama. Plaintiff by her attorney appeared specially and moved for dismissal of the order to show cause, on the ground that North Carolina has no jurisdiction over her, an Alabama resident. This motion was denied, and plaintiff appeals.

*J. Kenyon Wilson, Jr., and M. H. Hood Ellis for plaintiff appellant.*

*Wilton F. Walker, Jr., for defendant appellee.*

ARNOLD, Judge.

After a hearing on the motion to dismiss, the trial court concluded:

[T]he Court is of the opinion that it does have jurisdiction to conduct a hearing upon said Order to Show Cause, the plaintiff having invoked the jurisdiction of this Court originally and having been a party to the Consent Judgment entered by this Court on the 1st day of April, 1975, wherein custody, support and visitation rights of the children with the defendant were determined by the Court, the Court further being of the opinion that the jurisdiction of this Court is a continuing jurisdiction with reference to the matters of custody, support and visitation of said children with their father, the defendant herein.

We find that the trial court is correct.

There is no question that North Carolina had *in personam* jurisdiction over the Alabama plaintiff at the time of the entry of the consent judgment awarding her custody of and support for the children. Plaintiff agrees that she had voluntarily submitted herself to North Carolina jurisdiction by filing her action for alimony and custody in this state. She argues, however, that this jurisdiction has not continued to the present matter. G. S. 50-13.5 (c)(2)b gives the courts of this state jurisdiction to enter custody orders "[w]hen the court has personal jurisdiction of the person . . . having actual care, control, and custody of the minor child," which is the case here, and G.S. 50-13.5(c)(4) provides that jurisdiction acquired in this way "shall not be divested by a change in circumstances while the action or proceeding is pending." This is merely a codification of the general rule that once jurisdiction attaches "it exists for all time until the cause is fully and completely determined." *Kinross-Wright v. Kinross-Wright*, 248 N.C. 1, 11, 102 S.E. 2d 469, 476 (1958). And it is well-established that matters of custody and support are pending "until the death of one of the parties or the youngest child born of the marriage reaches the age of maturity, whichever event shall first occur." *Johnson v. Johnson*, 14 N.C. App. 378, 382, 188 S.E. 2d 711, 714 (1972). Since it does not appear that either of these events has occurred, our courts clearly have jurisdiction over this plaintiff with regard to custody matters.

Plaintiff argues, however, that this proceeding to find her in contempt is not an action to affect custody of the children, and should not be covered by these rules. We disagree. G.S. 50-13.3(a)

provides that "[t]he willful disobedience of an order providing for the custody of a minor child shall be punishable as for contempt." And our courts have held that " '[i]f both parties are in court and subject to its jurisdiction, [a custody] order may be entered . . . binding the parties and *enforceable through [the court's] coercive jurisdiction.*' [cite omitted]." *Romano v. Romano*, 266 N.C. 551, 553, 146 S.E. 2d 821, 822 (1966) (emphasis added); *Johnson v. Johnson, supra* at 379, 188 S.E. 2d at 712. Any other conclusion would make no sense, since the hands of the courts would be effectively tied if they had no jurisdiction to enforce the orders they entered.

Our view that jurisdiction over contempt proceedings related to a custody order remains in the court having jurisdiction over custody is supported by cases dealing with jurisdiction over contempt proceedings for violation of a court order while appeal of the order is pending. In *Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976), defendant husband appealed from awards of alimony and child support. Plaintiff wife filed with the Supreme Court an affidavit alleging that defendant had failed to comply with the orders, and asking the court to order defendant to show cause why he should not be attached as for contempt. The court held that while the trial court was divested of jurisdiction over contempt proceedings while the appeal was pending, if the order was upheld on appeal the contempt could be inquired into on remand to the trial court. Also *Sturdivant v. Sturdivant*, 31 N.C. App. 341, 229 S.E. 2d 318 (1976). This indicates that jurisdiction over the contempt proceeding was in the trial court which decided the alimony and support questions.

The trial court correctly determined that its continuing jurisdiction over custody matters included contempt proceedings for violation of the custody order. The denial of plaintiff's motion to dismiss is

Affirmed.

Judges HEDRICK and VAUGHN concur.