Misero v. Misero

---

ANTHONY MISERO v. TERESA ANN MISERO

No. 7912DC307

(Filed 6 November 1979)

Divorce and Alimony § 23.5— child custody—modification—child in another state —jurisdiction

     The trial court had jurisdiction to consider defendant's motion for a change in child custody, though the child in question was residing in Pennsylvania with plaintiff's parents, since the parties and their child had all been residents of this State at the time of the original custody order, and plaintiff could not deprive the court of jurisdiction by placing the child in the physical care of persons residing outside the State.

APPEAL by plaintiff from *Hair, Judge.* Order entered 26 January 1979 in District Court, CUMBERLAND County. Heard in the Court of Appeals 17 October 1979.

Plaintiff husband and defendant wife were married on 29 October 1976 in Pennsylvania and had one minor child. Plaintiff, on 27 April 1978, filed a custody and support action in Cumberland County, North Carolina. By consent judgment filed on 9 May 1978 the court found that at that time both parties were residents of Cumberland County, plaintiff was a fit and proper person to have custody of the child, and defendant was able-bodied and capable of contributing to the child's support. The court ordered that the child be placed in the custody of the plaintiff, granting reasonable visitation rights to the defendant, and that the defendant pay one-hundred dollars per month for the support of the child.

By motion filed 8 November 1978 defendant moved the trial court for custody and support of the child on grounds of changed circumstances of the parties. On 5 January 1979 plaintiff moved for dismissal of defendant's motion because he had, on his own accord while serving in the armed forces, entrusted physical care and custody of the child to plaintiff's mother and stepfather, who are residents of Pennsylvania over whom plaintiff asserted the court lacked personal jurisdiction. The trial court, by order entered 26 January 1979, denied plaintiff's motion to dismiss and ordered the plaintiff to present the child to the court on 2 April 1979. From this order plaintiff appeals.

*Barrington, Jones, Witcover, Carter & Armstrong, P.A., by C. Bruce Armstrong, for plaintiff appellant.*

*Pope, Reid, Lewis & Deese, by Renny W. Deese, for defendant appellee.*

WELLS, Judge.

G.S. 50-13.5(c)(1) and (2) provide as follows:

(c) Jurisdiction in Actions or Proceedings for Child Support and Child Custody.—

(1) The jurisdiction of the courts of this State to enter orders providing for the support of a minor child shall be as in actions or proceedings for the payment of money or the transfer of property.

(2) The courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child when:

a. The minor child resides, has his domicile, or is physically present in this State, or

b. When the court has personal jurisdiction of the person, agency, organization, or institution having actual care, control, and custody of the minor child.

Thus it appears that jurisdiction and custody actions may be grounded in either the residence, domicile and physical presence of the child in the State; or the personal jurisdiction over the person having actual care, control and custody of the child. At the

---

In re Lassiter

---

time this action was originated, the child was residing and was physically present in the State and the Court had personal jurisdiction over the parents who then had the actual care, control and custody.

G.S. 50-13.5(c)(4) provides that jurisdiction thus acquired, "shall not be divested by a change in circumstances while the action or proceeding is pending."

In matters of custody and support the action remains pending until the death of one of the parties or the youngest child born of the marriage reaches the age of maturity, whichever event occurs first. *Morris v. Morris*, 42 N.C. App. 222, --- S.E. 2d --- (1979). Since neither event has occurred in the case at bar the North Carolina court retained jurisdiction over the matter.

A parent, however well-intentioned, cannot defeat the jurisdiction of our courts in situations such as this by placing the child in the physical care of persons residing outside this State.

Affirmed.

Judges ARNOLD and WEBB concur.