FRED FRANKLIN BECK, JR. v. BARBARA TAVES BECK (WADE)

No. 821DC1085

(Filed 20 September 1983)

1. **Divorce and Alimony § 23.3— child custody—jurisdiction over contempt proceeding**

    North Carolina properly had jurisdiction over a contempt proceeding where the original order of custody had been entered in this State, appellee's cause of action was a motion in the cause filed in the original action, it was filed prior to a Pennsylvania action in which visitation privileges were temporarily suspended, and where the Pennsylvania court made no finding on the record proper that it had jurisdiction or that jurisdiction had been exercised pursuant to the Uniform Child Custody Jurisdiction Act, or that the appellee had an opportunity to be heard prior to the entry of the temporary order pursuant to G.S. 50A-4. Under North Carolina case law, matters of custody, which include visitation rights under G.S. 50A-2(2), are pending until the death of one of the parties or the child reaches the age of majority. G.S. 50-13.3(a), G.S. 50A-14, and G.S. 50A-4.

2. **Divorce and Alimony § 23.4— child custody—contempt proceeding—service of process sufficient**

    Service of process on defendant's attorney was sufficient to obtain personal jurisdiction on defendant by the North Carolina court where the attorney generally handled the legal affairs of defendant, and where the attorney appeared as counsel of record and where he had been properly served as attorney of record.

3. **Divorce and Alimony § 25.12— child custody—contempt proceeding—failure to turn over child for visitation**

    There was no merit to defendant's argument that she could not be adjudged guilty of contempt for failure to turn over the minor child when the

father never came to visit him where the evidence tended to show that defendant had not allowed visitation pursuant to a custody order and the plaintiff was unable to exercise his visitation rights because of the willful, deliberate and wrongful acts of the appellant.

APPEAL by defendant from *Parker, Judge*. Judgment entered 2 July 1982 in District Court, DARE County. Heard in the Court of Appeals 1 September 1983.

Plaintiff moved the Court for an Order requiring defendant to appear and show cause, if she has any, why she should not be punished for contempt for failure to make the minor child born to the parties available for visitation as provided in an Order of the District Court of Dare County on 3 September 1981, and for attorney fees. Custody had previously been awarded to defendant. The trial judge denied defendant's Motion to Dismiss, received evidence, made findings of fact and conclusions, and thereupon entered an order punishing the defendant for civil contempt, stayed execution thereof to allow the defendant an opportunity to purge herself, fined defendant, directed the defendant to deliver the child to plaintiff and otherwise comply with the original Order entered in the cause. Defendant appealed.

*Barbara Taves Wade, pro se, for the appellant.*

*G. Irvin Aldridge for the appellee.*

HILL, Judge.

Appellant argues the trial judge erred in denying her Motion to Dismiss for lack of jurisdiction over the subject matter on the grounds that a prior order had been entered concerning the custody of the child in the State of Pennsylvania. We conclude, however, the trial court properly found that North Carolina had jurisdiction over this contempt proceeding.

The following facts appear. Appellant and appellee were married in 1978. Following a separation and divorce, the child was placed in the custody of the appellant mother on 3 September 1981, with visitation privileges and transportation responsibility allotted to the appellee father. On 18 September and 1 October following, the father visited with the child. On 14 October 1981 the mother and child moved to Pittsburgh, Pennsylvania. At that time the mother advised the father by telephone that the child

could be picked up for visitation at 1737 Noblestown Road in Pittsburgh. The mother further advised the father by letter nine days later the child could be picked up at this address.

The father subsequently called the Beachcomber Motel at Nags Head where his wife had previously stayed with the child and was advised the child was not there. He made telephone calls on at least two occasions to 1737 Noblestown Road and was advised the child would be in after 5:00 p.m., but that the child did not live there. At no time did the father go to Pennsylvania to pick up the child.

On 3 May 1982 the father caused this motion in the cause to be filed and served on Leonard Logan, a North Carolina attorney who had represented the mother in the previous action. Thereafter, in an action instituted six months and twenty days after the mother left North Carolina to reside permanently in Pennsylvania, the Court of Common Pleas of Allegheny County, Pennsylvania, entered the following Order on 17 June 1982:

ORDER OF COURT

AND NOW, this 17th day of June, 1982, upon ex parte argument by Bradley Gelder, Esquire and Robert Raphael, Esquire, and following the unsuccessful attempts of the court to communicate with Judge J. Richard Parker, Dare County, North Carolina, and based upon allegations of the possibility of serious emotional harm to the parties' son, Barrett Templeton Beck, if the defendant, Fred Beck, Jr., were to comply with the "visitation" granted to him by Judge Parker's Order of February 3, 1982, and it appearing further that the best interests of said child would be promoted with little or no accompanying harm to the defendant by the entry of this order;

NOW, THEREFORE, it is ORDERED, ADJUDGED and DECREED that the plaintiff, Barbara Wade, shall not make the parties' son, Barrett, available for the aforesaid visitation until a further conciliation and, if necessary, hearing can be held which shall be scheduled before the undersigned at 2:30 P.M. June 25, 1982, which conciliation shall be in lieu of that originally scheduled before the undersigned on July 14, 1982. COUNSEL FOR PLAINTIFF ARE DIRECTED TO EFFECTUATE APPROPRIATE SERVICE OF THIS ORDER.

On 23 June 1982 Attorney Leonard Logan moved the North Carolina District Court to dismiss the appellee's motion as provided in Rule 12(b) of the Rules of Civil Procedure, contending that North Carolina is an "inconvenient forum" and the Family Division of the Court of Common Pleas in Allegheny County, Pennsylvania is "a more appropriate forum." Attorney Logan attached a copy of appellant's complaint for custody pending in the Pennsylvania court and the order set out above. The trial judge in North Carolina denied appellant's motion to dismiss, heard testimony, made findings of fact including the record docketing the Pennsylvania decree in the Dare County Clerk's Office, concluded that appellant had not made a good faith effort to comply with the Order entered in North Carolina, and entered judgment requiring appellant to be punished for contempt, but stayed execution on certain conditions. The appellant contends North Carolina is not the proper jurisdiction to determine custody of the child. We disagree.

[1] North Carolina and Pennsylvania each have enacted the Uniform Child Custody Jurisdiction Act. G.S., Chap. 50A. The Act mandates the recognition of out-of-state custody decrees, and encourages the continuing jurisdiction of the court which entered the original custody decree. G.S. 50A-14 provides:

> (a) If a court of another state has made a custody decree, a court of this State shall not modify that decree unless (1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this State has jurisdiction.

We must determine, therefore, whether the Dare County District Court, which entered the original custody decree, either lacks jurisdiction or has declined to assume jurisdiction to modify its decree.

There is no suggestion that the North Carolina court has ever declined to assume jurisdiction in this matter. The original order of custody had been entered in this state, and appellee's cause of action was a motion in the cause based on the original action, filed prior to the Pennsylvania action, which was *ex parte* and temporary in nature, and was not served on appellee. Nor

was appellee present in Pennsylvania when the action was taken. The Pennsylvania court made no finding on the record proper that it had jurisdiction or that jurisdiction had been exercised pursuant to the Uniform Child Custody Jurisdiction Act, or that the appellee had an opportunity to be heard prior to the entry of the temporary order pursuant to G.S. 50A-4. The Court simply found that it made unsuccessful attempts to communicate with the North Carolina judge in Dare County, that the father would not be harmed by the order, and that based on allegations of possible emotional harm to the child if visitation were granted the father, the mother should not make the child available until further hearing and conciliation made on June 25, 1982.

As to North Carolina's continuing jurisdiction, we look to North Carolina law. G.S. 50-13.3(a) provides that "[a]n order providing for the custody of a minor child is enforceable by proceedings for civil contempt . . . ." Under North Carolina case law, matters of custody, which include visitation rights under G.S. 50A-2(2), are pending until the death of one of the parties or the child reaches the age of majority. *Johnson v. Johnson*, 14 N.C. App. 378, 188 S.E. 2d 711 (1972). "[T]he hands of the courts would be effectively tied if they had no jurisdiction to enforce the orders they entered." *Morris v. Morris*, 42 N.C. App. 222, 256 S.E. 2d 302 (1979). North Carolina's continuing jurisdiction clearly satisfies "jurisdictional prerequisites substantially in accordance with this Chapter" as required by G.S. 50A-14 of the Uniform Child Custody Jurisdiction Act. Therefore, North Carolina properly had jurisdiction over the contempt proceeding, and appellant's first assignment of error is overruled.

[2] We next conclude that service of process on Leonard G. Logan, Jr. was sufficient to obtain personal jurisdiction on the appellant by North Carolina. It is undisputed that a copy of the motion to show cause was served on the attorney Leonard Logan by mail, and the order to show cause signed by the trial judge was served personally on the attorney as well. An attorney who generally handles the legal affairs for an individual is not an agent of that person for the service of process *unless* he makes an appearance in the lawsuit for him. The court found as a fact that Leonard G. Logan, Jr. appeared as counsel of record and that he had been properly served as attorney of record. No objection to service was raised. No exception appears in the records to these

findings. Therefore, the service on the attorney was the same as service on the appellant.

[3] Appellant argues she may not be adjudged guilty of contempt for failure to turn over the child when the father never came for him. We do not agree. The trial court found in its order of 23 June 1982 that the appellant had not allowed visitation pursuant to the order of 3 September 1981. The trial court's findings in this regard were supported by competent evidence. At the time of the entry of the original judgment the minor child was residing with his mother at the Beachcomber Motel in Nags Head. The appellee picked up the child at this location on alternate weekends. When he called to verify the pick up for the third visitation period, someone at the motel advised appellee the child was not in, and on the following day the appellant advised the appellee the child could be picked up at 1737 Noblestown Road in Pittsburgh, Pennsylvania, giving him a telephone number at the garage operated by a man to whom she is presently married. Appellee saw appellant after 27 October 1981 in Dare County, and the appellant advised him the child was with his grandparents. Appellee called the Beachcomber Motel as well as the telephone number given him by appellant and got no information as to the whereabouts of the child. On one occasion the appellant returned to North Carolina with the child but did not notify appellee. In fact, the residence of the child was first revealed by the grandmother during the contempt hearing held on 23 June 1982. It is apparent the appellee was unable to exercise his visitation rights because of the willful, deliberate and wrongful acts of the appellant. The record is replete with findings by the trial judges showing plaintiff's efforts to keep in touch with his son by mail, telephone calls, and otherwise. In contempt proceedings, findings are conclusive on appeal when supported by the record. *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978); *Lee v. Lee*, 37 N.C. App. 371, 246 S.E. 2d 49 (1978). The appellant's assignment is overruled.

We have examined appellant's remaining assignments of error and find them without merit.

The judgment of the trial court is

Affirmed.

Judges HEDRICK and WEBB concur in the result.