REBECCA GOODMAN WOOD v. VERNON L. WOOD

No. 7721DC844

(Filed 15 August 1978)

1. **Rules of Civil Procedure § 60.1— striking divorce judgment—notice required**

Even though an order striking a divorce judgment on plaintiff's motion was entered during the same term as the divorce judgment itself, before the judgment of divorce could be stricken notice should have been given to defendant and a hearing should have been held at which plaintiff should have been required to offer evidence that justice required the striking of the judgment.

2. **Rules of Civil Procedure § 41.1— voluntary dismissal—time for taking**

A voluntary dismissal under G.S. 1A-1, Rule 41 will lie only prior to entry of final judgment, and, after final judgment, any correction, modification, amendment, or setting aside can only be done by the court.

APPEAL by defendant from *Alexander (Abner), Judge*. Judgment entered 31 May 1977, District Court, FORSYTH County. Heard in the Court of Appeals 30 June 1978.

On 4 December 1975, the parties, by way of consent judgment entered in an action brought in Mecklenburg County by plaintiff against defendant for child custody, child support, and alimony, resolved their differences. On 17 March 1977, plaintiff brought an action for absolute divorce based on separation for one year and asked that the consent judgment be incorporated in the judgment "as a part of the absolute divorce". The complaint was signed by Harold R. Wilson, attorney for plaintiff, and verified by the plaintiff on 15 March 1977. On 15 March 1977,

Harold Wilson and John Morrow were partners but Morrow had notified Wilson that he was withdrawing from the partnership as of the last day of March. This notice was given on 10 March. On 15 April 1977, defendant went to see Morrow to obtain representation in his attempt to obtain a decrease in the alimony and child support payments he was making. He exhibited the copy of the divorce complaint served on him. Morrow advised him not to answer the complaint, but to move, after the decree was entered, for termination of alimony.

On Monday, 16 May 1977, judgment of absolute divorce was entered. Morrow notified defendant by letter that the divorce had been granted and that the motion could be made. On 20 May, he mentioned to an associate that he was going to file the motion and was told that plaintiff's counsel, Harold Wilson, had been overheard talking with Judge Alexander about setting aside the judgment. Morrow then filed the motion to terminate alimony at 10:43 a.m. on Thursday, 20 May 1977. At 11:19 an order was entered striking the divorce judgment. No notice was filed or given. All the evidence tends to show that Mr. Wilson made an oral motion that morning prior to the filing of defendant's motion to terminate. After the order striking the divorce judgment was filed, and also on 20 May 1977, defendant filed a motion that that order be stricken.

Thereafter and also on 20 May 1977, Judge Alexander caused an order to be entered setting a hearing *on that motion only.* Plaintiff was served with notice of the hearing at 8:00 p.m. on 20 May 1977.

On 23 May 1977, plaintiff, "pursuant to NCGS 1A-1, Rule 41 of the Rules of Civil Procedure" filed a notice of voluntary dismissal, which was served on defendant's counsel.

On 26 May 1977, a motion dated 25 May 1977, was filed by Morrow, requesting that he be permitted to withdraw as counsel for defendant because of a possible conflict of interest, and that Fred G. Crumpler, Jr., be substituted as counsel for defendant. By order dated 26 May 1977, this motion was granted, and stipulation of Morrow and defendant agreeing to the substitution was filed.

On 31 May 1977, counsel for plaintiff moved the court to strike all pleadings, motions, and orders filed by Morrow. No notice was given of this motion.

The court conducted a hearing, the date of which does not appear in the record. The record is devoid of any indication by court or counsel as to what matters were for hearing. However, counsel for plaintiff argued his motion to strike the motions and other documents filed by Morrow, and counsel for defendant argued his motion to strike the order striking the divorce judgment and his motion to terminate alimony. Evidence was presented by both parties. Both plaintiff and defendant testified. There was no request to continue and no objection interposed to the taking of evidence. The order entered by Judge Alexander on 6 June 1977, denied defendant's motion for termination of alimony and his motion to strike the order striking the divorce judgment and plaintiff's motion to strike all pleadings and motions filed by Morrow.

To the signing and entry of this order, defendant excepted and appealed to this Court.

*Harold R. Wilson for plaintiff appellee.*

*White and Crumpler, by Fred G. Crumpler, Jr., and Michael J. Lewis, for defendant appellant.*

MORRIS, Judge.

In attempting to untangle the backlash resulting in this comedy of errors, we start with the order of 20 May 1977 striking the judgment of absolute divorce. The pertinent portion of that order is as follows:

> "This cause coming on to be heard and being heard before the undersigned, Judge of the District Court Division of the General Court of Justice of Forsyth County, North Carolina, *upon motion of counsel for the plaintiff showing that errors have been committed in the complaint filed in this action* in behalf of the plaintiff, and the Court, in its discretion, finds that the judgment heretofore entered in this action should be stricken." (Emphasis supplied.)

The divorce judgment was entered on Monday and the order striking it, on Thursday of the same week. Defendant contends

that whether the order striking the judgment was made under the provisions of G.S. 1A-1, Rule 60(b)(6), or otherwise, he was entitled to notice and an opportunity to be heard. In *Norton v. Sawyer*, 30 N.C. App. 420, 426, 227 S.E. 2d 148, 153, *cert. denied* 291 N.C. 176, 229 S.E. 2d 689 (1976), we said:

> "[w]hile Rule 60(b)(6) vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice, nevertheless, we hold that a judge cannot do so without a showing based on competent evidence that justice requires it."

Plaintiff contends this rule has no application, because it is applicable only to situations where the motion to strike the judgment is made after term — and that the court may modify, amend, or vacate any judgment during the term. Whether G.S. 1A-1, Rule 60(b)(6) is applicable we do not discuss. The order was entered during term. In *Hagins v. Redevelopment Comm.*, 275 N.C. 90, 165 S.E. 2d 490 (1969), the Court reiterated two well-established rules of practice and procedure:

> "(1) During a term of court all judgments and orders are *in fieri*, and, except for those entered by consent, may be opened, modified, or vacated by the court upon its own motion. *Shaver v. Shaver*, 248 N.C. 113, 102 S.E. 2d 791; *Hoke v. Greyhound Corporation*, 227 N.C. 374, 42 S.E. 2d 407; 5 N.C. Index 2d, Judgments § 6 (1968). (2) Unless actual notice of a particular motion is required by the constitution or statute, parties to an action are fixed with notice of all motions or orders made during the term of court at which the cause is regularly calendared for trial. *Insurance Co. v. Sheek*, 272 N.C. 484, 158 S.E. 2d 635; *Speas v. Ford*, 253 N.C. 770, 117 S.E. 2d 784; *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709; *Harris v. Board of Education*, 217 N.C. 281, 7 S.E. 2d 538. *This rule with reference to constructive notice, however, bends to embrace common sense and fundamental fairness. . . .*" (Emphasis supplied.) 275 N.C. at 98, 165 S.E. 2d at 495.

[1] We think common sense and fundamental fairness required that before the judgment could be stricken notice be given defendant and hearing be had at which plaintiff be required to offer evidence that justice required the striking of the judgment. This

is particularly true when the judgment sought to be stricken is a divorce judgment. To envision the confusion which could be wrought by the striking of a judgment of absolute divorce without notice does not require a particularly vivid imagination. Frequently one of the parties, if not both, enter into another marriage immediately upon the entering of the divorce decree. Rights in property, of intestate succession, and others are changed with the granting of an absolute divorce. Here, the decree, because the divorce was obtained by plaintiff on the ground of separation for one year, had the effect of terminating her right to alimony. True, a hearing was subsequently had. However, the order setting the hearing, a copy of which was served on plaintiff, provided that the hearing would be on defendant's motion filed 20 May to set aside the order striking the judgment. It is also true that plaintiff testified at the hearing that she had instructed her counsel to base the divorce action on the grounds of defendant's adultery and did not realize that that was not a ground until after the final judgment was entered. Nevertheless, we have no way of knowing the basis of the court's action in striking the judgment. At that time, he had heard no evidence. We cannot say that the evidence presented at a hearing on plaintiff's motion to set aside the judgment would have been identical to the evidence presented at the hearing on defendant's motion to strike the order setting the judgment aside. Both plaintiff and the court stated that they did not know that defendant's counsel was in the case at the time the judgment was stricken. This begs the question. The complaint and summons issued in the divorce action were served on defendant. Notice of hearing on the motion to strike the judgment could have been similarly served. The order striking the divorce judgment must be vacated.

Apparently, no one questions the fact that a motion was made by plaintiff, albeit orally. Perhaps on remand plaintiff would be well advised to file a written motion. In any event, defendant must be given prior notice.

[2] Although defendant excepted to the "notice of voluntary dismissal" entered on 23 May 1977, purportedly pursuant to N.C. G.S. 1A-1, Rule 41, and assigned it as error, he did not bring this assignment of error forward and argue it in his brief. Nevertheless, we feel it is necessary, in order to obviate further confusion that we speak to this question. Obviously, a voluntary

In re Cooke

dismissal under Rule 41 will lie only prior to entry of final judgment. After final judgment, any correction, modification, amendment, or setting aside can only be done by the court. The purported voluntary dismissal of 23 May 1977 is of no legal efficacy.

Defendant's motion to strike the order setting aside the divorce judgment should have been granted, a hearing set on the motion to set aside the judgment, and defendant's motion to terminate alimony held in abeyance pending the ruling on plaintiff's motion after hearing.

Plaintiff has not excepted to the order denying her motion to strike all motions, pleadings, and orders filed by Morrow, and correctly so, because the court's ruling was entered entirely properly.

Reversed and remanded.

Judges HEDRICK and WEBB concur.