Latham v. Latham

JUDITH ANN LATHAM v. JAMES RAYMOND LATHAM

No. 8426DC968

(Filed 21 May 1985)

1. **Divorce and Alimony § 23.3— child custody and support—jurisdiction after parties remarry**

Plaintiff's motion for custody and support of the parties' child should not have been dismissed for lack of jurisdiction where the parties had divorced, remarried, and separated. The remarriage did not divest the court of its continuing jurisdiction over the minor child acquired in the action for divorce; a divorce action is pending for purposes of determining custody and support until the death of one of the parties or until the youngest child reaches majority.

**2. Divorce and Alimony § 23— child custody—types of action**

   An action for custody or support of minor children may be maintained as follows: as a civil action; joined with an action or cross-action for annulment, divorce, or alimony; by motion in the cause in an action for annulment, divorce, or alimony; or upon the court's own motion in an action for annulment, divorce or alimony. G.S. 50-13.5(b)(1), (3), (4), (5), and (6).

APPEAL by plaintiff from *Lanning, Judge*. Order entered 17 August 1984 in District Court, MECKLENBURG County. Heard in the Court of Appeals 6 May 1985.

Plaintiff appeals from an order dismissing for lack of jurisdiction her motion for custody and support of the parties' minor child.

*Connelly, Karro, Blane & Sellers, by Marshall H. Karro and Seth H. Langson, for plaintiff appellant.*

*No brief filed for defendant appellee.*

WHICHARD, Judge.

[1]   The parties were divorced on 1 October 1982 and remarried to each other on 6 January 1984. They have subsequently separated. The issue is whether the remarriage of the parties to each other terminated the jurisdiction of the court that granted the divorce to adjudicate the custody and support of the minor child born to the parties prior to divorce. Although this appears to be a question of first impression, we rely upon the long-settled rule that a divorce action is pending for purposes of determining custody and support until the death of one of the parties or until the youngest child born of the marriage reaches maturity, whichever event occurs first. *Weddington v. Weddington*, 243 N.C. 702, 704, 92 S.E. 2d 71, 73 (1956); *Morris v. Morris*, 42 N.C. App. 222, 223, 256 S.E. 2d 302, 303 (1979); *Johnson v. Johnson*, 14 N.C. App. 378, 382, 188 S.E. 2d 711, 714 (1972). In accordance with this rule we hold that the remarriage of the parties to each other does not divest the court of its continuing jurisdiction over the minor child acquired in the action for divorce.

In so holding we accord with several jurisdictions which, in related contexts, have determined that a dissolution decree does not become a nullity when the parties thereto remarry each other. *See, e.g., Travis v. Travis*, 181 S.E. 2d 61 (Ga. 1971) (accrued

installment payments of alimony not affected by remarriage of divorced spouses); *Greene v. Iowa Dist. Court for Polk County*, 312 N.W. 2d 915 (Iowa 1981) (judgment for child support not vacated by remarriage of the parties to each other); *Scheibel v. Scheibel*, 284 N.W. 2d 572 (Neb. 1979) (remarriage of parties will not operate as matter of law to prohibit holder of support order from collecting arrearages); *In re Marriage of Kaiser*, 568 S.E. 2d 571 (Mo. App. 1978) (remarriage after divorce does not restore marital community). *See, contra, e.g., Davis v. Davis*, 437 P. 2d 502 (Cal. 1968) (remarriage of parties to each other terminates prior child custody and support orders as well as jurisdiction of the court to enforce them).

[2]  Our Supreme Court has stated that jurisdiction of the court to protect infants is " 'broad, comprehensive, and plenary.' " *Spence v. Durham*, 283 N.C. 671, 687 (1973), 198 S.E. 2d 537, 547, *cert. denied*, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed. 2d 473 (1974). In divorce actions the court in which the action is brought acquires jurisdiction over the custody of the unemancipated children of the parties, and the jurisdiction continues even after divorce. *See Stanback v. Stanback*, 266 N.C. 72, 75, 145 S.E. 2d 332, 334 (1965); *Bass v. Bass*, 43 N.C. App. 212, 214, 258 S.E. 2d 391, 392 (1979) ("custody and support issues . . . remain *in fieri* until the children are emancipated"). In *Bunn v. Bunn*, 258 N.C. 445, 128 S.E. 2d 792 (1963), plaintiff argued that once an action for divorce and alimony was dismissed the court had no jurisdiction to determine child custody and support. The Court found that the trial court could proceed in its equity jurisdiction and stated, " 'The marital status of parents is not . . . a factor in determining the procedure to obtain custody of a child.' " *Id.* at 448, 128 S.E. 2d at 795, quoting *Cleeland v. Cleeland*, 249 N.C. 16, 18, 105 S.E. 2d 114, 116 (1958). Thus, without regard to the marital status of the parents, an action for custody or support of minor children may be maintained as follows: as a civil action; joined with an action or cross-action for annulment, divorce, or alimony; by motion in the cause, as here, in an action for annulment, divorce, or alimony; or upon the court's own motion in an action for annulment, divorce or alimony. G.S. 50-13.5(b)(1), (3), (4), (5), and (6).

Once jurisdiction of a court attaches it exists for all time until the cause is fully and completely determined. *Kinross-Wright v. Kinross-Wright*, 248 N.C. 1, 11, 102 S.E. 2d 469, 476 (1958). In

actions for custody and support only majority of the child or death of a party fully and completely determines the cause. *Weddington*, 243 N.C. at 704, 92 S.E. 2d at 73. Nothing in the provisions of G.S. 50-13.5 alters this rule. *Johnson*, 14 N.C. App. at 382, 188 S.E. 2d at 714. The statutory scheme, G.S. 50-13.5, provides for an election of procedures in actions for custody or support. We see no reason why the remarriage of the parties should reduce the choices available. The legislature apparently intended to provide the maximum range of choice among procedures for determination of child custody and support. In light of that apparent intent and of our Supreme Court's indication that the jurisdiction of the court to protect infants is " 'broad, comprehensive, and plenary,' " we believe the choice of a motion in the cause in the prior divorce proceeding, in which the court already has personal jurisdiction over the party from whom relief is sought, should remain available even following the subsequent remarriage of the parties to each other.

Since it does not appear that either party has died or that the child has reached maturity, the court has jurisdiction to hear plaintiff's motion in the cause seeking custody and support of the parties' minor child. *Morris*, 42 N.C. App. at 223, 256 S.E. 2d at 303. The order dismissing the motion for lack of jurisdiction is therefore reversed, and the cause is remanded for further proceedings on plaintiff's motion.

Reversed and remanded.

Chief Judge HEDRICK and Judge WEBB concur.