KIM JOHN SCHROCK v. MARSHA LEE SCHROCK

No. 8712DC809

(Filed 15 March 1988)

1. **Divorce and Alimony § 26.1— Michigan child custody award—no jurisdiction over child—award not entitled to full faith and credit**

   The trial court properly declined to give full faith and credit to a Michigan custody award, though the Michigan petition was filed before the North Carolina action was commenced, since Michigan was not the home state of the child, and it appeared that North Carolina would have jurisdiction pursuant to the Parental Kidnapping Prevention Act.

2. **Divorce and Alimony § 25.4— child custody awarded to father—no abuse of discretion**

   The trial court did not abuse its discretion in awarding child custody to plaintiff father where both of the parties were judged to be fit parents, and the trial court determined that it was best for the child to remain in North Carolina with his father where the father had established an effective child care plan for his son in an environment to which the child was accustomed and in which he had spent most of his life.

APPEAL by defendant, Marsha Lee Schrock, from *Keever, Judge.* Judgment entered 20 March 1987 in District Court, CUMBERLAND County. Heard in the Court of Appeals 2 February 1988.

Plaintiff and defendant were married on 19 August 1978. Shortly thereafter, the couple moved to North Carolina where plaintiff was stationed in the army at Fort Bragg. On 20 January 1981, the parties had their only child of the marriage, Brian Lee Schrock. The parties separated in June of 1985 due to marital difficulties. Subsequent to the separation, defendant took Brian to Michigan where she had lived before her marriage. She then filed an action in Michigan for divorce which was dismissed for failure to meet the necessary residency requirement.

Approximately four months after defendant had taken the child to Michigan, plaintiff went to Michigan in order to return

Brian to North Carolina. Defendant filed a second action for divorce and custody in Michigan on 13 December 1985. Five days later, plaintiff filed a child custody action in North Carolina. On 1 October 1986, a final judgment was entered in Michigan awarding legal custody of the child to the mother. The North Carolina court declined to give full faith and credit to the Michigan custody award and granted custody to plaintiff. From the judgment of the trial court, defendant appeals.

*Reid, Lewis & Deese, by Renny W. Deese, for plaintiff appellee.*

*A. Maxwell Ruppe for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the trial court erred by not giving full faith and credit to the Michigan court's jurisdictional findings and the court's custody award. We disagree.

The issue of a state court's jurisdiction over child custody matters is governed by the Uniform Child Custody Jurisdiction Act (hereinafter U.C.C.J.A.) and the Parental Kidnapping Prevention Act (hereinafter P.K.P.A.). G.S. 50A; 28 U.S.C. Sec. 1738A. The P.K.P.A. states

> A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State *where such court of that other State is exercising jurisdiction consistently with the provisions of this section* to make a custody determination.

28 U.S.C. Sec. 1738A(g). (Emphasis added.) The U.C.C.J.A. states

> If at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state *exercising jurisdiction substantially in conformity with this Chapter*, a court of this State shall not exercise its jurisdiction under this Chapter, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons.

G.S. 50A-6(a). (Emphasis added.) Since the Michigan petition was filed before the North Carolina action was commenced, the issue

is whether Michigan was exercising jurisdiction consistent with the P.K.P.A. and the U.C.C.J.A. If Michigan was exercising jurisdiction substantially in conformity with the acts, then North Carolina should have refrained from exercising jurisdiction over the custody dispute.

The P.K.P.A. states that a child custody determination is made consistent with its provisions if:

(1) such court has jurisdiction under the law of such State; and

(2) one of the following conditions is met:

(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;

(B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;

(D) (i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or

(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.

28 U.S.C. Sec. 1738A(c).

Condition (A) is not met because at no time has Michigan been the "home State" of the child. "Home State" is defined as "the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months. . . . Periods of temporary absence of any such persons are counted as part of the six-month or other period." 28 U.S.C. Sec. 1738A(b)(4). Brian has only spent approximately four months of his life in Michigan and the definition of "home State" requires a period of six consecutive months.

Condition (B) is not met because at the time of the Michigan proceeding, it did appear that North Carolina would have jurisdiction under subparagraph (A). Excluding the four months spent in Michigan, Brian had lived his entire life in North Carolina. Although Brian was not actually in North Carolina for the entire six-month period preceding the filing of the Michigan action, the "home State" definition states that "(p)eriods of temporary absence . . . are counted as part of the six-month or other period." Since North Carolina was Brian's "home State" Michigan could not gain jurisdiction under subsection (B).

Appellant does not argue and it is clear that Michigan could not establish jurisdiction of the present custody determination under conditions (C) or (D). Therefore, defendant's contention that the trial court erred by not giving full faith and credit to the Michigan court's custody award is incorrect.

Defendant also contends that "the trial court's order does not contain sufficient findings of fact to permit meaningful appellate review by this Court." Defendant bases her contention upon exceptions numbered 3 and 4. These exceptions, however, make no mention of the order not containing sufficient findings of fact. An exception not set out in the record on appeal or in the verbatim transcript of the proceedings may not be the basis of an assignment of error on appeal. N.C. App. R., Rule 10. Defendant may not raise these exceptions.

**[2]** Appellant's final contention is that the trial court abused its discretion in awarding custody to plaintiff. After careful review, we hold that the trial court did not abuse its discretion. Both of the parties were judged to be fit parents. The trial court determined, however, that it was best for Brian to remain with his father in North Carolina where the father had established an effective child care plan for his son in an environment that Brian was accustomed to and in which he had spent most of his life. There was no abuse of discretion by the trial court.

No error.

Judges PHILLIPS and COZORT concur.