IN THE MATTER OF THE CUSTODY OF HABIB ARSHAD BHATTI, SAFFIYAH ARSHAD BHATTI, AHMAD ARSHAD BHATTI, AND MAHBOOB ARSHAD BHATTI; ARSHAD BHATTI, PETITIONER-APPELLANT v. KOKAB ARSHAD BHATTI A/K/A KOKAB SAID CHOUDHERY BHATTI, RESPONDENT-APPELLEE

No. 8917DC990

(Filed 15 May 1990)

1. **Divorce and Alimony § 23.6 (NCI3d) — child custody — jurisdiction — simultaneous proceeding in Georgia**

   The trial court properly dismissed petitioner's North Carolina custody action on the grounds that Georgia had previously assumed jurisdiction in the case where Georgia was the home state of the children at the time the child custody proceedings were begun by respondent and Georgia met the requirements of the Uniform Child Custody Jurisdiction Act and the Parental Kidnapping Prevention Act. Petitioner failed to establish any of the four bases for jurisdiction set forth in N.C.G.S. § 50A-3, failed to appear at the custody hearing, and the vague assertions in his complaint and affidavit do not qualify as "information" anticipated and required by N.C.G.S. § 50A-9.

   **Am Jur 2d, Abduction and Kidnapping § 19; Divorce and Separation § 1145.**

2. **Divorce and Alimony § 25 (NCI3d) — child custody — simultaneous Georgia action — law enforcement officers authorized to take children into protective custody — erroneous**

   The trial court erred in a child custody action by authorizing law enforcement officers to pick up the children and deliver them to respondent in an effort to assist the Georgia court in enforcing its order. While the trial court could resort to traditional contempt proceedings, there is no statutory basis for invoking the participation of law enforcement officers in producing the children.

   **Am Jur 2d, Abduction and Kidnapping § 19; Divorce and Separation § 1145.**

APPEAL by petitioner from order entered 30 May 1989 in CASWELL County District Court by *Judge Peter M. McHugh*. Heard in the Court of Appeals 15 March 1990.

Petitioner filed for custody of his four minor children in Caswell County. Respondent moved to dismiss the North Carolina custody action on the grounds that Georgia had previously assumed jurisdiction in this matter and that petitioner had abruptly removed the children from the marital residence in Georgia and that such conduct barred North Carolina from exercising jurisdiction. From the order dismissing petitioner's claim for relief and authorizing North Carolina law enforcement officers to take the children into protective custody for delivery to respondent, petitioner appeals.

*Latham, Wood, Eagles & Hawkins, by William A. Eagles, for petitioner-appellant.*

*Moseley & Whited, P.A., by W. Phillip Moseley, for respondent-appellee.*

WELLS, Judge.

[1] North Carolina's Uniform Child Custody Jurisdiction Act (UCCJA), N.C. Gen. Stat. § 50A *et seq.* (1989), and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West Supp. 1989), govern the issue of jurisdiction in child custody matters. *See Gasser v. Sperry*, 93 N.C. App. 72, 376 S.E.2d 478 (1989). When there are simultaneous proceedings in other states G.S. § 50A-6 provides with regard to jurisdiction:

> (a) If at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Chapter, a court of this State shall not exercise its jurisdiction under this Chapter, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons.

Similarly, the PKPA provides in part:

> A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.

28 U.S.C.A. § 1738A(g). Obviously, the prerequisites for exercising jurisdiction in substantial conformity with Chapter 50A and for

exercising jurisdiction consistently with the provisions of the PKPA are essentially the same. *Compare* G.S. § 50A-3, subsections 1-4 and 28 U.S.C.A. § 1738A(c); *see also Schrock v. Schrock*, 89 N.C. App. 308, 365 S.E.2d 657 (1988). Unlike the UCCJA, the PKPA extends full faith and credit to child custody determinations, including temporary orders, made according to its jurisdictional guidelines. In addition, the PKPA's jurisdictional standards are designed to prohibit the concurrent exercise of jurisdiction by more than one state that sometimes occurs under the UCCJA's more flexible guidelines. *See, generally, Comment, The Parental Kidnapping Prevention Act: Is There An Enforcement Role for the Federal Courts?*, 62 Wash. L. Rev. 841, 842-846 (1987).

If the Georgia court's exercise of jurisdiction meets the jurisdictional guidelines of the above Acts, then the trial court's order dismissing petitioner's action and enforcing the Georgia custody award was proper.

In this case the trial court found that the State of Georgia had assumed jurisdiction of the custody of the children and that a custody action was pending prior to the action in Caswell County. The trial court also found that a Georgia court had issued a temporary custody order which awarded custody to respondent. These findings are supported by the record. Based on these findings as well as other evidence before it, the trial court concluded that Georgia was the home state of the children and that Georgia had assumed jurisdiction.

For the purpose of jurisdiction in custody matters "home state" means the state in which the child immediately preceding the time involved lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months. G.S. § 50A-2(5); *see also* 28 U.S.C.A. § 1738A(b)(4) (adding that periods of temporary absence of any such persons are counted as a part of the six-month period). A state properly assumes jurisdiction as the home state if it (i) is the home state at the commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of the child's removal or retention by a person claiming the child's custody or for other reasons, and a parent or person acting as parent continues to live in this State. G.S. § 50A-3(a)(1); *see also* 28 U.S.C.A. § 1738A(c).

In our opinion the trial court properly declined to assert jurisdiction based on its conclusion that Georgia is the home state of these children. The materials before the trial court consisted of the verified complaints, the case file from Georgia, a conversation with the Georgia judge who issued the temporary custody order, the testimony of respondent and a Dr. Khawaja, brother-in-law of petitioner, and the arguments of counsel. The materials showed that petitioner moved to North Carolina in 1971 and began his medical studies at North Carolina Baptist Hospital in Winston-Salem. In November 1980 the parties were married in Pakistan. Respondent immediately joined petitioner in North Carolina where the two oldest children were born. The actual date is disputed, but at some point between December 1984 and February 1985, the family, then consisting of the two oldest children and Dr. and Mrs. Bhatti, moved from North Carolina to Georgia so that petitioner could practice medicine with his brother-in-law and sister. During a visit to North Carolina the Bhatti's third child was born. The Bhatti's fourth child was born during a visit to Pakistan. These temporary absences do not interrupt the period of time spent in Georgia for purposes of applying the home state rule. Except for visits with respondent to Pakistan and North Carolina, the children remained in Georgia until December 1987. At that time petitioner, without respondent's knowledge or consent, removed himself and the children from their home in Georgia.

On 18 December 1987 petitioner filed a complaint against respondent in Alamance County, North Carolina which was later dismissed by order of the court. On 28 December 1987 respondent filed suit in Georgia for divorce, temporary and permanent alimony, and temporary and permanent custody of the children. This action is still pending and respondent continues to live in Georgia. Based on this evidence it is clear that the the trial court properly refused jurisdiction in this case. Georgia's exercise of jurisdiction meets the requirements of the UCCJA and the PKPA in that at the time child custody proceedings were begun by respondent, Georgia was the home state of the children. The trial court's order dismissing petitioner's action and enforcing the Georgia custody award was therefore proper.

Petitioner's contention that North Carolina had jurisdiction pursuant to N.C. Gen. Stat. § 50A-3 is without merit. In order for a court of this State to exercise jurisdiction in child custody determinations, at least one of the four alternative bases for jurisdic-

tion set forth in G.S. § 50A-3 must be established. Petitioner failed to establish any of the four bases for jurisdiction at this hearing. Additionally, G.S. § 50A-9 requires that every party in a custody pleading must give information under oath regarding the children's present address, the places where they have lived within the last five years, and the names and present addresses of the persons with whom the children have lived during that period. Petitioner did not appear at the hearing and the vague assertions he makes in his complaint and affidavit do not qualify as "information" anticipated and required by G.S. § 50A-9. Since their removal from Georgia in December 1987, information regarding the location of the children, any connections they might have with this State, or reasons why North Carolina should be considered their home state were indefinite and unsubstantiated. The sole witness for the petitioner, his brother-in-law Dr. Khawaja, testified that he had not seen petitioner or the children since he drove them from Georgia to North Carolina in December 1987. The trial court had no grounds for assuming jurisdiction in this case; therefore, refusal to exercise jurisdiction was proper.

[2]   Petitioner also asserts that the trial court erred in authorizing law enforcement officers to pick up the children and deliver them to respondent in an effort to assist the Georgia court in enforcing its order. We agree. While the UCCJA provides for assistance to courts of other states, it only does so in the manner provided for in G.S. § 50A-20. In pertinent part it provides:

(a) Upon request of the court of another state the courts of this State which are authorized to hear custody matters may order a person in this State to appear at a hearing to adduce evidence or to produce or give evidence under other procedures available in this State. . . .

. . .

(c) Upon request of the court of another state a competent court of this State may order a person in this State to appear alone or with the child in a custody proceeding in another state. . . .

G.S. § 50A-20. While the trial court could resort to traditional contempt proceedings, we are unaware of any statutory basis for invoking the participation of law enforcement officers in producing

the children. Accordingly, this portion of the trial court's order is vacated.

Affirmed in part; vacated in part.

Judges COZORT and GREENE concur.