DAVID BRUCE BERKMAN v. TAMMY LYNN BERKMAN

No. 9126DC556

(Filed 7 July 1992)

**1. Appeal and Error § 107 (NCI4th)— temporary custody order— no immediate appeal**

A temporary child custody order is interlocutory and not immediately appealable.

**Am Jur 2d, Appeal and Error § 136.**

**2. Appeal and Error § 113 (NCI4th)— denial of motion to dismiss—failure to comply with Rule 4—no immediate appeal**

The denial of a motion to dismiss pursuant to Rule 41(b) challenging personal jurisdiction for failure to comply with the procedures set forth in Rule 4 is not immediately appealable.

**Am Jur 2d, Appeal and Error § 86.**

**3. Appeal and Error § 113 (NCI4th)— denial of motion to dismiss—failure to prosecute—no immediate appeal**

The denial of defendant's motion under Rule 41(b) to dismiss on the ground that plaintiff's alleged noncompliance with rules pertaining to service of summons and the issuance of an alias and pluries summons within a certain time period constituted a failure to prosecute was not immediately appealable.

**Am Jur 2d, Appeal and Error § 86.**

APPEAL by defendant from Order entered 13 July 1990 and 14 January 1991 by *Judge Marilyn R. Bissell* in MECKLENBURG County District Court. Heard in the Court of Appeals 7 April 1992.

*Ellis M. Bragg for plaintiff appellee.*

*Richard F. Harris, III, for defendant appellant.*

COZORT, Judge.

Defendant-wife and plaintiff-husband divorced in 1985 in Arizona. Defendant was awarded custody of the minor child. On 18 June 1990 plaintiff filed suit in Mecklenburg County District Court seeking custody of the child. The sheriff attempted to serve defendant on 29 June 1990, but was informed that defendant had moved

to Mexico. Defendant did not appear at the custody hearing on 9 July 1990. The district court granted temporary custody to plaintiff on 13 July 1990. On 8 November 1990 defendant filed motions to dismiss the action pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(e) and N.C. Gen. Stat. § 1A-1, Rule 41(b) and to vacate the temporary custody order. On 26 and 28 November 1990 the district court heard arguments on defendant's motions. On 14 January 1991 the district court denied the motions, ordering that the 13 July 1990 temporary custody order remain in effect pending further orders of the court. On 8 March 1991, defendant filed notice of appeal from the 14 January 1991 Order and the 13 July 1990 Order on 8 March 1991. We dismiss the appeals.

[1] Defendant's appeals from the 13 July 1990 Order and the portion of the 14 January 1991 Order continuing in effect the 13 July 1990 Order must be dismissed as interlocutory. A temporary child custody order is interlocutory and "does not affect any substantial right . . . which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits." *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807 (1986). We note also that defendant's appeal from the 13 July 1990 Order is subject to dismissal for defendant's failure to timely file notice of appeal as required by N.C.R. App. P. 3(c).

[2] Defendant's appeal from the denial of her motion to dismiss for lack of personal jurisdiction is also premature. Specifically, defendant argues that she was not served with process as required by Rule 4 and the action was discontinued pursuant to Rule 4(e) because there was no endorsement to the original summons and no issuance of alias and pluries summons within 90 days. N.C. Gen. Stat. § 1A-1, Rule 41(b) (1990) provides in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him." The denial of defendant's motion to dismiss pursuant to Rule 41(b) for failure to comply with the rules and failure to prosecute is not a final determination of the action. *See Cox v. Cox*, 246 N.C. 528, 98 S.E.2d 879 (1957). N.C. Gen. Stat. § 1-277(b) (1983) provides that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant . . . ." In *Love v. Moore*, 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982), the North Carolina Supreme Court held that "the right of immediate appeal of an

BERKMAN v. BERKMAN

[106 N.C. App. 701 (1992)]

adverse ruling as to jurisdiction over the person, under [N.C. Gen. Stat. § 1-277(b)], is limited to rulings on 'minimum contacts' questions, the subject matter of Rule 12(b)(2)." The Court reasoned that

> [a]llowing an immediate appeal only for "minimum contacts" jurisdictional questions precludes premature appeals to the appellate courts about issues of technical defects which can be fully and adequately considered on an appeal from final judgment, while ensuring that parties who have less than "minimum contacts" with this state will never be forced to trial against their wishes.

*Id.* Although *Love* specifically addresses a motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(2) for lack of jurisdiction over the person, the principle is equally applicable to a motion pursuant to Rule 41(b) challenging personal jurisdiction for failure to comply with the procedures set forth in Rule 4. Therefore, we find defendant's appeal from the motion to dismiss for failure to comply with Rule 4 does not fall within the provisions of § 1-277(b) allowing immediate appeal of interlocutory orders.

[3] We further find that defendant's related, but distinct, claim that the action should be dismissed pursuant to Rule 41(b) for failure to prosecute must be dismissed as interlocutory. Defendant's failure to prosecute argument does not go directly to the issue of whether the court had personal jurisdiction, but rather whether the plaintiff's non-compliance with the rules requiring the service of summons and the issuance of alias and pluries summons within certain time periods constituted failure to prosecute the action. Since the failure to prosecute claim is distinct from the lack of jurisdiction claim, N.C. Gen. Stat. § 1-277(b) does not operate to allow immediate review of the interlocutory ruling.

Defendant's motion to vacate the 13 July 1990 Order is essentially a restatement of her motion to dismiss and is likewise interlocutory. Defendant challenges the factual basis for the issuance of the temporary custody order and the sufficiency of the service of process. As discussed above, defendant may not immediately appeal on these grounds.

Dismissed.

Judges PARKER and GREENE concur.