CAROL GURLEY MASSEY, Plaintiff v. BEN FINCH MASSEY, JR., Defendant

No. 9410DC405

(Filed 2 January 1996)

**1. Divorce and Separation § 548 (NCI4th); Trial § 227 (NCI4th)— separation, reconciliation, subsequent separation—child custody and support—voluntary dismissal**

The trial court had the authority to enter an order voiding the parties' earlier Stipulation of Dismissal of all claims and counterclaims in a divorce and child custody action where an order was

filed awarding child custody to plaintiff and ordering defendant to pay child support; the parties reconciled and filed a Stipulation of Dismissal executed in accordance with N.C.G.S. § 1A-1, Rule 41(a); following a second separation plaintiff filed a new action which included claims for custody, child support, and divorce; and the trial court ruled that the Stipulation of Dismissal was void, consolidated the second custody action with the first, and treated the complaint as a motion for custody based on changed circumstances. The express language of N.C.G.S. § 1A-1, Rule 41 states the parties may voluntarily dismiss an "action" or "claim" by stipulation; nothing in Rule 41 grants authority to the parties in a lawsuit, without action by the trial court, to vacate by stipulation an order previously entered in the action to which they are parties. For purposes of Rule 41(a), the trial court's first order resolving matters of permanent custody and support constituted a final judgment. The parties may have been at liberty to appeal the order, but were not free under Rule 41(a) to dismiss voluntarily the finally determined issues of child custody and support, even though the court maintains continuing jurisdiction over these issues and they could be modified subsequently upon a proper showing of change of circumstances.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 10, 19; Divorce and Separation §§ 1016, 1079.**

**Validity and effect, as between former spouses, of agreement releasing parent from payment of child support provided for in an earlier divorce decree. 100 ALR3d 1129.**

2. **Trial § 115 (NCI4th)— child custody and support—actions before and after reconciliation—joinder**

There was no abuse of discretion by the trial court in consolidating two divorce and child custody actions, one before a reconciliation and one after. It has been held in *Walker v. Walker*, 59 N.C. App. 485, that while reconciliation voids alimony provisions and terminates separation agreements, the courts are open after a reconciliation and second separation to whatever child support relief may be justified, the original cause at all times pending; because of the continuing jurisdiction of the court over child custody and support matters, any prior action in which a permanent order has been entered remains pending; a court has the discretionary power to consolidate actions for trial; when the consolidation of actions for the purpose of hearing is assigned as error,

the appellant must show injury or prejudice arising therefrom; and no injury or prejudice by suffered by defendant could be discerned.

**Am Jur 2d, Actions § 132.**

Appeal by defendant from order filed 4 March 1994 by Judge Anne B. Salisbury in Wake County District Court. Heard in the Court of Appeals 1 February 1995.

*No brief filed on behalf of plaintiff-appellee.*

*Ragsdale, Kirschbaum & Nanney, P.A., by William L. Ragsdale and Connie E. Carrigan, for defendant-appellant.*

JOHN, Judge.

Defendant appeals the trial court's order voiding the parties' earlier Stipulation of Dismissal. He contends the court lacked authority to enter the order. We uphold the trial court.

Relevant background information is as follows: Plaintiff and defendant were married 30 November 1985 and separated 1 March 1991. Two children were born of the marriage, Ben Finch Massey, III, born 31 March 1986, and Brandon Clay Massey, born 4 March 1988.

On 11 September 1991, plaintiff filed a complaint (91 CVD 9542) seeking temporary and permanent custody of the two minor children, temporary and permanent child support, counsel fees, divorce from bed and board, temporary and permanent alimony, equitable distribution of marital property, and a temporary restraining order and injunction enjoining the waste, transfer or disposition of marital assets. Defendant answered and counterclaimed for child custody, child support, and equitable distribution 18 October 1991.

In a detailed and extensive order filed 25 November 1991, Judge Anne B. Salisbury awarded "exclusive care, custody and control of the minor children" to plaintiff, subject to specified visitation by defendant, and ordered defendant to pay child support and plaintiff's counsel fees.

However, in March 1992 when the parties reconciled, they signed and filed a "Stipulation of Dismissal," executed "in accordance with Rule 41(a)," which purportedly dismissed "all claims and counterclaims asserted by them" in case 91 CVD 9542. Following a second separation, plaintiff filed a new action (93 CVD 10481), seeking cus-

tody of the minor children, child support, counsel fees, and absolute divorce from defendant. In her complaint, plaintiff acknowledged the stipulation of dismissal filed earlier in case 91 CVD 9542. Defendant answered and counterclaimed for child custody, child support, counsel fees, and absolute divorce.

On 4 March 1994, the trial court ruled *sua sponte* that the Stipulation of Dismissal in case 91 CVD 9542 was void, and further ordered as follows:

> The new custody action, Case No. 93 CVD 10481, is hereby consolidated with Case No. 91 CVD 9542 and the Complaint filed therein is treated as a Motion for Custody based on changed circumstances, that being the subsequent re-separation of the parties.

Defendant gave notice of appeal to this Court 15 March 1994.

---

**[1]** Defendant contends in his sole assignment of error that the trial court improperly voided the parties' stipulated dismissal of the court's previously entered child custody and support order. We disagree.

Rule 41 of the North Carolina Rules of Civil Procedure states in pertinent part:

> (a) *Voluntary dismissal; effect thereof.*—
>
> (1) By Plaintiff; by Stipulation.—Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.
>
> . . . .
>
> (c) *Dismissal of counterclaim; crossclaim, or third-party claim.*—The provisions of this rule apply to the dismissal of any counterclaim, crossclaim, or third-party claim.

N.C. Gen. Stat. § 1A-1, Rule 41 (1990).

When statutory language is clear and unambiguous, it must be held to mean what it plainly expresses, "keeping in mind that nontechnical statutory words are to be construed in accordance with their common and ordinary meaning." *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980) (citation omitted). Thus, "[s]tatu-

tory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992) (citing *Electric Supply Co. v. Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991)).

The express language of Rule 41 states the parties may voluntarily dismiss an "action" or "claim" by stipulation. An "action" is defined as "a formal complaint within the jurisdiction of a court of law." Black's Law Dictionary 28 (6th ed. 1990). A "claim" is a "demand for money or property" or a "cause of action." *Id.* at 247.

By contrast, an "order" is a "direction of a court or judge made or entered in writing" which "decides some matter litigated by the parties," *i.e.*, the *claim* or *action* brought by a party. *Id.* at 1096. In the case *sub judice*, an *order* of the trial court awarding plaintiff permanent custody and obligating defendant to pay $546.00 in permanent child support was rendered 25 November 1991. Nothing in Rule 41 grants authority to the parties to a lawsuit, without action by the trial court, to vacate by stipulation *an order* previously entered in the action to which they are parties.

Moreover, *Collins v. Collins*, 18 N.C. App. 45, 196 S.E.2d 282 (1973), relied upon heavily by defendant, likewise does not operate to invest such authority in the parties. Defendant points to the following language of this Court:

> [P]laintiff's voluntary dismissal of the prior action . . . was a final termination of that action and . . . no valid order could be made thereafter in that cause.

*Id.* at 50, 196 S.E.2d at 286. While taking no quarrel with our previous holding, we point out that the decision in *Collins* indicated neither that the trial court's order was *vacated* nor that the action was *dismissed*, regardless of whatever phraseology may have been employed by the parties. Rather we determined the action to have been *terminated*, albeit the order remained intact, and that no valid subsequent orders might be entered therein, including adjudications of contempt for violation of the extant order. *Id.* at 51, 196 S.E.2d at 286. In addition, *Collins* is distinguishable on its facts.

In *Collins*, plaintiff filed a complaint seeking temporary and permanent alimony, child custody and support and counsel fees. *Id.* at 47, 196 S.E.2d at 284. Following a hearing on plaintiff's claim for temporary support, the trial court entered an order awarding her temporary custody and support for the minor child. *Id.* Plaintiff subse-

quently filed a voluntary dismissal of her action, but four days later initiated a new complaint again asserting claims to, *inter alia,* temporary and permanent alimony, and custody and support for the child. Following defendant's answer and a hearing, the court awarded plaintiff permanent child custody and support. *Id.* at 46-47, 196 S.E.2d at 283-84. Both parties appealed. *Id.* at 48, 196 S.E.2d at 284.

The issue before this Court concerned the validity of plaintiff's voluntary dismissal and the procedural effect of such dismissal. *Id.* at 49, 196 S.E.2d at 285. We stated that pursuant to Rule 41(a)(1), " 'plaintiff has an absolute right to a voluntary, non-prejudicial dismissal up to the time he rests his case.' " *Id.* at 50, 196 S.E.2d at 285. Thus, the voluntary dismissal taken after the order awarding plaintiff temporary custody and support—but prior to plaintiff's "rest[ing her] case" on the claim for permanent custody—constituted a "final termination" of the action and the court was without authority to enter further orders therein. *Id.* at 50, 196 S.E.2d at 286.

Our decision in *Wood v. Wood,* 37 N.C. App. 570, 246 S.E.2d 549 (1978), *rev'd on other grounds,* 297 N.C. 1, 252 S.E.2d 799 (1979), is instructive. Plaintiff therein filed notice of voluntary dismissal after judgment of divorce had been rendered in her favor. *Id.* at 571, 246 S.E.2d at 550. In holding the dismissal to be of "no legal efficacy," *id.* at 575, 246 S.E.2d at 552, we emphasized that

> a voluntary dismissal under Rule 41 will lie only prior to entry of *final judgment.* After *final judgment,* any correction, modification, amendment, or setting aside can only be done by the court.

*Id.* at 574-75, 246 S.E.2d at 552 (emphasis added); see N.C.G.S. §§ 1A-1, Rule 59 (amendment of judgments) and Rule 60 (relief from judgment or order).

However, defendant insists the 25 November 1991 order was not a "final" judgment. Citing, *inter alia, Stanback v. Stanback,* 266 N.C. 72, 145 S.E.2d 332 (1965) and *Brooks v. Brooks,* 107 N.C. App. 44, 418 S.E.2d 534 (1992), defendant maintains that "[o]nce custody and support are brought to issue there can be 'no final judgment in that case, because the issue of custody and support remain *in fieri* until the children have become emancipated.' " *Brooks,* 107 N.C. App. at 46, 418 S.E.2d at 536 (quoting *In re Holt,* 1 N.C. App. 108, 112, 160 S.E.2d 90, 93 (1968)).

We agree that our statement in *Brooks* accurately characterizes the law. Indeed, this Court has consistently upheld the continuing

jurisdiction of the trial court over child custody and support actions and has often reiterated that the "jurisdiction of the court 'to protect infants is broad, comprehensive and plenary.' " *Latham v. Latham*, 74 N.C. App. 722, 724, 329 S.E.2d 721, 722 (1985) (quoting *Spence v. Durham*, 283 N.C. 671, 687, 198 S.E.2d 537, 547 (1973), *cert. denied*, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1974); *see also Stanback*, 266 N.C. 72, 75, 145 S.E.2d 332, 334 (1965) ("in divorce actions, . . . jurisdiction over custody of the unemancipated children of the parties . . . . continues even after divorce.") However, defendant misapprehends the application of these principles to the issue *sub judice*.

In a subsequent case brought by the same parties to the earlier *Stanback* decision, *Stanback v. Stanback*, 287 N.C. 448, 456, 215 S.E.2d 30, 36 (1975), for example, our Supreme Court explained that "[a] judicial decree in a child custody and support matter is subject to alteration upon a change of circumstances affecting the welfare of the child and, therefore, is not final *in nature*." (emphasis added.)

Our later decision in *Coleman v. Coleman*, 74 N.C. App. 494, 328 S.E.2d 871 (1985), provides additional guidance. Defendant therein contended on appeal that the trial court had erred by denying his G.S. § 1A-1, Rule 60(b) motion for relief from an order requiring him to pay child support, alimony *pendente lite*, and counsel fees. *Id.* at 496, 328 S.E.2d at 872. Plaintiff responded that Rule 60(b) applies only to " 'final' orders of judgments, and an order for payment of child support . . . is not final since it may be subsequently modified . . . ." *Id.* We held that

> a custody order was a 'final' order within the meaning of G.S. 1A-1, Rule 60(b) even though it could be modified subsequently upon a proper showing of change of circumstances under G.S. 50-13.7. The same rationale applies to orders for child support. Like custody orders, child support orders are not 'final' orders *only* in the sense that they may be modified subsequently upon a motion in the cause and a showing of change of circumstances as provided in G.S. 50-13.7.

*Id.* at 496, 328 S.E.2d at 872 (emphasis added).

We further observed that alimony *pendente lite*,

> [b]y definition[,] . . . is a temporary award, made during the pendency of a judgment that will be final except for the possibility of modification for change of circumstances.

*Id.* at 497, 328 S.E.2d at 873. Concluding, this Court held the child support award to be a final order, there being no indication it was to provide for temporary child support during the pendency of the litigation; the order was therefore properly subject to defendant's Rule 60(b) motion. *Id.*

In a similar vein, our decision in *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807, *disc. review denied*, 318 N.C. 505, 349 S.E.2d 859 (1986), held plaintiff's appeal to be interlocutory, as the trial court's order from which he appealed

> does not finally determine the issue involved, but only provides for *temporary* custody until an August hearing date for further proceedings preliminary to a *final* decree.

(emphasis added). *See also Berkman v. Berkman*, 106 N.C. App. 701, 702, 417 S.E.2d 831, 832 (1992) (citing *Dunlap*).

We also note numerous references by this Court and our Supreme Court to permanent—as distinguished from temporary—awards of child custody and child support as "final judgments." *See, e.g., Sikes v. Sikes*, 330 N.C. 595, 599, 411 S.E.2d 588, 590 (1992) (N.C. Gen. Stat. § 50-13.10 does not apply until a "final order" of child support is entered); *Broyhill v. Broyhill*, 81 N.C. App. 147, 148, 343 S.E.2d 605, 606 (1986); *Stevens v. Stevens*, 68 N.C. App. 234, 234, 314 S.E.2d 786, 787, *disc. review denied*, 312 N.C. 89, 321 S.E.2d 908 (1984); *Schrock v. Schrock*, 89 N.C. App. 308, 309, 365 S.E.2d 657, 658 (1988); *Brookshire v. Brookshire*, 89 N.C. App. 48, 49, 365 S.E.2d 307, 308 (1988).

We conclude that for purposes of Rule 41(a), the trial court's 25 November 1991 order in case 91 CVD 9542, resolving the matters of permanent custody and support, constituted a "final judgment." *Wood*, 37 N.C. App. at 574-75, 246 S.E.2d at 552; *Coleman*, 74 N.C. App. at 497, 328 S.E.2d at 873 ("final order"). While the court maintains continuing jurisdiction over these issues in order to "protect infants," *Latham*, 74 N.C. App. at 724, 329 S.E.2d at 722, the order was not "interlocutory," as would be a temporary order of custody and support, *Dunlap*, 81 N.C. App. at 676, 344 S.E.2d at 807, but was indeed " 'final' . . . even though it could be modified subsequently upon a proper showing of change of circumstances under G.S. 50-13.7." *Coleman*, 74 N.C. App. at 496, 328 S.E.2d at 872. While the parties may have been at liberty to appeal the 25 November 1991 order, they were not free under Rule 41(a) to dismiss voluntarily the "finally

determined" issues of child custody and support. The trial court therefore did not err in ruling that the "Stipulation of Dismissal" filed in case 91 CVD 9542 by the parties was void and of no effect as to the child custody and child support issues previously resolved by "final judgment." *Wood,* 37 N.C. App. 574-75, 246 S.E.2d at 552. As defendant has not raised on appeal the effect of the stipulation upon his obligation to pay plaintiff's counsel fees under the 25 November 1991 order, we do not address this question. *See* N.C.R. App. P. 28(a).

Defendant also objects that upholding the trial court's action herein

> would be contrary to public policy of this State in that it would interpret this ruling to mean that married persons who are separated may not agree to dismiss a custody and support *action* after reconciling their differences. Such a rule would be inconsistent with the objective of re-establishment of the family for the benefit of both the children and the parents.

We disagree. Our *holding provides* that under Rule 41(a) and existing case law, parties may not voluntarily dismiss a *final* custody and child support order. This ruling neither prevents nor interferes with reconciliation following entry of a final order on the issues of child custody and child support. Instead, we have simply determined that voluntary dismissal under Rule 41(a) is inappropriate in such instance.

We note in this context that the record herein reflects execution by the parties, prior to entry of the "Stipulation of Dismissal," of a notarized "Consent Agreement" [AOC Form No. 615] subsequently *signed by a District Court Judge.* This Agreement provided that the "Supporting Parent [defendant] may temporarily suspend his support payments to the Clerk of Superior Court" until action seeking reinstatement by the parent receiving support. The effect of the previous order was thus properly stayed and the case considered inactive for purposes of child support enforcement. Similarly, consent agreements *approved by the Court* might also address earlier custody orders.

[2] Plaintiff's final argument challenges the trial court's consolidation of the two actions (case no. 91 CVD 9542 and case no. 93 CVD 10481) and treatment of the second as a motion for modification based upon changed circumstances. The trial court did not err in taking this procedural stance.

First, in *Walker v. Walker*, 59 N.C. App. 485, 488-89, 297 S.E.2d 125, 127 (1982), this court held that while reconciliation voids alimony provisions and terminates separation agreements,

> this principle has not been applied to void, as a matter of law, a *judgment* ordering payment of child support . . . . "If, after the order . . . there was a reconciliation and the wife and . . . children resumed the family group and lived together with the defendant-husband, the necessity for the [child] support payments . . . ceased . . . . If thereafter there was a subsequent separation and need for [child] support payments . . ., the courts are open for whatever relief may be justified by the situation then existing. The original cause was at all times pending . . . ." (quoting *Jackson v. Jackson*, 14 N.C. App. 71, 74-75, 187 S.E.2d 490, 493 (1972).)

Next, because of the continuing jurisdiction of the court over child custody and support matters noted above, *Stanback*, 266 N.C. at 75, 145 S.E.2d at 334, any prior action in which a permanent order has been entered "remains pending . . . . [and] works an abatement of a subsequent action . . . ." *Brooks*, 107 N.C. App. at 46-47, 418 S.E.2d at 536 (citation omitted). *See also Jackson v. Jackson*, 68 N.C. App. 499, 501-02, 315 S.E.2d 90, 91 (jurisdiction of court over custody and support issues raised in pleadings continues "even when the issues are *not* determined by the judgment" (emphasis added)), and *Latham*, 74 N.C. App. at 724-25, 329 S.E.2d at 722-23 (court in which divorce action is brought "acquires jurisdiction over the custody of the unemancipated children of the parties," and "[i]n actions for custody and support only majority of the child or death of a party fully and completely determines the cause"; therefore, remarriage of parties who subsequently again separate does not terminate continuing jurisdiction of earlier divorce court over minor child which court acquired in previous divorce proceeding.)

Additionally, Rule 42 of the North Carolina Rules of Civil Procedure states in pertinent part:

> (a) *Consolidation.*—When actions involving a common question of law or fact are pending in one division of the court, the judge may order a joint hearing or trial of any or all the matters in issue in the actions; he may order all the actions consolidated; and he may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

" 'A trial court has the discretionary power, even *ex memo motu*, to consolidate actions for trial,' " *Board of Education v. Evans*, 21 N.C. App. 493, 496, 204 S.E.2d 899, 901, *cert. denied*, 285 N.C. 588, 206 S.E.2d 862 (1974) (quoting 7 Strong, N.C. Index 2d, *Trial*, § 8, p. 265-66), and actions of the trial judge within judicial discretion will not be disturbed unless a clear abuse of discretion is shown, *Whaley v. Rhodes*, 10 N.C. App. 109, 112, 177 S.E.2d 735, 737 (1970) (citation omitted). Moreover, when the consolidation of actions for the purpose of hearing is assigned as error on appeal, the appellant must show injury or prejudice arising therefrom. *In re Moore*, 11 N.C. App. 320, 322, 181 S.E.2d 118, 120 (1971) (citation omitted).

In view of our holding affirming the trial court's voiding of the parties' Stipulation of Dismissal and because of the court's continuing jurisdiction acquired in consequence of its rendering the original child custody and support order, *i.e.*, 91 CVD 9542, we discern no abuse of discretion on the part of the trial court in its order of consolidation and no injury or prejudice suffered by defendant. The only proper course for defendant in any event would have been a motion in the original cause, which course was effected by the court's order of consolidation. The trial court may thereafter "grant whatever relief might be justified by the situation then existing." *Jackson*, 14 N.C. App. at 75, 187 S.E.2d at 493. Defendant will have the opportunity to be heard and present evidence on plaintiff's motion to modify child custody and child support. *See* N.C. Gen. Stat. § 50-13.7 (1987).

Affirmed.

Judges JOHNSON and MARTIN, MARK D. concur.